UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LATWAHN McELROY,

        Plaintiff,

    v.

J. SCHULTZ, ET AL.,

        Defendants.

No.  2:25-cv-01343-SCR P

ORDER

Plaintiff is incarcerated in state prison and is proceeding with this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer.  Plaintiff's complaint is before the undersigned for screening under 28 U.S.C.§ 1915A.

**IN FORMA PAUPERIS**

Plaintiff has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915.  ECF No. 2.  Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to proceed in forma pauperis is granted.  This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum.  28 U.S.C. §§ 1914(a).  As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1).  A separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be

1

taken from plaintiff's trust account.  These payments will be taken until the $350 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).  Accordingly, plaintiff's motion to proceed in forma pauperis is granted.

**STATUTORY SCREENING OF PRISONER COMPLAINTS**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

////

2

**PLAINTIFF'S COMPLAINT**

Plaintiff's complaint is largely indecipherable, making it difficult to determine what actions, and by whom, form the basis of its claims. Parsing the complaint as best as possible, the undersigned understands plaintiff's complaint as raising a First Amendment right to appeal claim, an Eighth Amendment excessive force and deliberate medical indifference claims, a Fourteenth Amendment due process claim, an Americans with Disabilities Act ("ADA") claim, and a Rehabilitation Act ("RA") claim. ECF No. 1 at 4-11. Plaintiff also raises a negligence claim and alleges violation of several sections of the California Code of Regulations. Id. Plaintiff names 20 defendants in this action, including J. Schultz, Warden at California State Prison, Sacramento ("CSP-SAC"), RN Wright, a nurse at CSP-SAC, and various correctional officers, named and unnamed. Id. at 1-2.

**LEGAL STANDARDS**

**I.    Rule 8: "Short And Plain Statement"**

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," where each allegation is "simple, concise, and direct." Fed. R. Civ. Proc. 8(a)(2); 8(d)(1). Such a statement must simply "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). In addition, a well-pleaded complaint comports with the standards set forth in Iqbal and Twombly, provided above, alleging "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

**II.    42 U.S.C. 1983**

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v.

3

County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

**III.    Linkage**

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury."  Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted).  In other words, "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

**DISCUSSION**

**I.    Failure to State A Claim: Violation of Rule 8**

The undersigned finds that plaintiff's complaint does not satisfy the Rule 8 pleading standards.  To reiterate, Rule 8 requires a *short and plain* statement of the claims raised that are articulated *simply, concisely, and directly*.  However, plaintiff's complaint consists of eleven pages worth of disparate and fragmented descriptions of various events.  Although the undersigned can make out the type of claims plaintiff seeks to bring, the allegations do not clearly establish what happened, when and where each incident complained of took place, and who was involved or how they participated.

Although pleadings generally violate Rule 8 for failure to include enough detail, see Twombly, 550 U.S. 662 (2009), and Iqbal, 556 U.S. 662, "pleadings that bury the needle in a haystack of detail and confusion likewise violate Rule 8 as they fail to give the Court and the litigants fair notice of the alleged claims."  Thompson v. City of Bozeman, No. CV 18-75-BU-

4

BMM, 2021 WL 960698, at *3 (D. Mont. Mar. 15, 2021) (citing Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013)), aff'd sub nom. Thompson v. Sullivan, No. 21-35528, 2023 WL 4231736 (9th Cir. June 28, 2023).  Plaintiff's complaint violates Rule 8 in both ways, simultaneously saying too much while not providing enough information to fairly place defendants on notice of the claims against them, as Rule 8 seeks to ensure.  See Tellabs, Inc. v. Makor Issues Rights, LTD, 551 U.S. 308, 319 (2007) ("[A] complaint must say enough to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.") (citations and quotations omitted).  Therefore, plaintiff's complaint violates Rule 8 and fails to state a cognizable claim against any named defendant.

Accordingly, the undersigned recommends dismissal with leave to amend and directs plaintiff to file an amended complaint to cure the identified deficiencies.  "Plaintiff's amended complaint should be brief" and "it must state what each named defendant did that led to the deprivation of his … rights."  Ornelas v. Corr. Health Care Servs., No. 1:13-cv-0224-LJO, 2014 WL 2174672, at *4 (E.D. Cal. May 23, 2014) (citing Fed. R. Civ. Proc 8(a), and Iqbal, 556 U.S. at 678-79).

**LEGAL STANDARDS GOVERNING AMENDED COMPLAINTS**

In the amended complaint, plaintiff he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo, 423 U.S. at 370-71.  The complaint must also allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson, 588 F.2d at 743.  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

1967) (citations omitted).  Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  **Any claims and information not in the amended complaint will not be considered.**

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3.  Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4.  Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case, **2:25-cv-01343 SCR P**, and must be labeled **"First Amended Complaint."**

5.  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: April 7, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE